# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACLYN VEHLEWALD, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    10-CV-2586 CM/GLR |
| ENHANCED RECOVERY | ) |
| COMPANY, LLC f/k/a ENHANCED | ) |
| RECOVERY CORPORATION, | ) |
| | ) |
|        Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JACLYN VEHLEWALD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC f/k/a ENHANCED RECOVERY CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JACLYN VEHLEWALD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Easton, County of Leavenworth, State of Kansas.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Century Link (hereinafter "Century").

6. The debt that Plaintiff allegedly owed Century was for Plaintiff's residential telephone bill.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ENHANCED RECOVERY COMPANY, LLC f/k/a ENHANCED RECOVERY CORPORATION, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is registered as a limited liability company in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. A<small>LLEGATIONS

14. On or about September 3, 2010, Defendant initiated a telephone call to Plaintiff at her place of employment in an attempt to collect a debt allegedly owed by Plaintiff to Century.

15. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that her employer does not permit her to accept calls of such nature while she is at work.

16. On or about September 10, 2010, despite having been previously advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant proceeded to initiate a telephone call to Plaintiff at her place of employment.

17. During the aforesaid telephone call, Defendant engaged in a telephone conversation with Plaintiff's co-worker.

18. Defendant informed Plaintiff's co-worker that it was contacting Plaintiff to collect a debt from her.

19. Plaintiff's co-worker also informed Defendant that Plaintiff could not take personal telephone calls while she was at work.

20. Plaintiff did not consent to Defendant contacting third-parties.

21. In its attempts to collect the debt allegedly owed by Plaintiff to Century, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if

      otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   d. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

22. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

23. Plaintiff hereby demands a trial by jury on all issues so triable.

24. The Plaintiff, JACLYN VEHLEWALD, by and through her attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JACLYN VEHLEWALD, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

                                                Respectfully submitted,
                                                **JACLYN VEHLEWALD**

                                      By:    s/ D. Matthew Durgin
                                           Attorney for Plaintiff

Dated: October 26, 2010

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8505 W. 90th Terrace, Suite 100
Overland Park, KS 66212
Telephone:   (913) 908-2313
             (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:      mdurgin@smithlaw.us